IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABIODUN BASHORUN,                    *
            Plaintiff,

        v.                     *   CIVIL ACTION NO. CCB-07-312

LILLIAN C. PARKS,               *
            Defendant.
                                 ***

**<u>MEMORANDUM</u>**

On September 25, 2006, plaintiff Abiodun Bashorun, an inmate currently incarcerated in the Moshannon Valley Correctional Center, filed the instant complaint in the United States District Court for the Western District of Pennsylvania. The United States District Court for the Western District of Pennsylvania granted plaintiff's motion for leave to proceed in forma pauperis and subsequently transferred the case to this court, finding a lack of venue in the Western District of Pennsylvania.. Bashorun alleges in his complaint that he is an immigrant and that his former wife, Lillian Parks, threatened that if he ever left her, she would contact immigration authorities and tell them that he married her solely to acquire a green card.  Parks has written a letter to immigration officials, discovered by plaintiff sometime in 2002, which accuses plaintiff of using several aliases; marrying her in order to acquire a green card; and failing to support their child.  She further advised that plaintiff was convicted of two crimes  and is involved in credit card and tax fraud.  The letter appears to have been written sometime in 1987.  Plaintiff asks that defendant be directed to answer the complaint and that "a letter to Immigration and naturalization services not to use her defamation letter to deny the plaintiff's confirmation to become a united States citizen...." (sic).

It is not clear on what basis plaintiff has brought suit in federal court.  Plaintiff states that he seeks to invoke the federal question jurisdiction of this court, however, there is no federal question

involved in the controversy he describes in his complaint.  Resolution of his grievance involves application of Maryland's tort laws.  To the extent that a claim involving defamation, libel and slander could be reviewed by this court under diversity jurisdiction, plaintiff's complaint is time barred.

Under Maryland law, an action for libel or slander must be filed within one year from the date it accrues. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-105.  Giving plaintiff's complaint a generous construction, he learned of defendant's 1987 letter to immigration authorities in 2002 and had one year from the date he learned of the letter to file the instant complaint.  Even if Maryland's general three-year statute of limitations for civil actions were applicable, the complaint would still be time barred.  *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

To the extent plaintiff's complaint can be construed as a petition for writ of mandamus under 28 U.S.C. §1361, it still shall be dismissed.  The district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a **duty owed to the plaintiff**.  In order to meet the requirements for mandamus relief, plaintiff must show that he has the clear legal right to the relief sought; that defendant has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.  *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).  In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[1]  *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir.

---

[1]A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).   Plaintiff is not entitled to

an Order from this court directing any action on the part of the Department of Homeland Security

in reviewing plaintiff's pending naturalization petition.

     The complaint shall be dismissed.   A separate Order follows.


    __May 17, 2007__                                                _____/s/_____
        Date                                                       Catherine C. Blake
                                                    United States District Judge